## Crumbock v. Teamsters Joint Council No. 53 of Philadelphia and Vicinity

*Lester J. Schaffer,* for plaintiff.
*Edward Davis,* for defendant.

CAVANAUGH, J., July 7, 1971.—In June of 1948, an agreement of trust was entered into by and between many of the Teamster Local Unions in the Philadelphia area. That agreement created a retirement trust fund for participating individuals. Plaintiff, Edward P. Crumbock, was Secretary-Treasurer of Teamsters Local No. 107 from 1936 until 1954, when he failed to win reelection. From the inception of the retirement trust fund in 1948, until 1954, when he left the union, plaintiff made regular contributions to the fund. Pursuant to the provisions of the trust agreement, plaintiff received and accepted $5,285.60 upon his departure from the union. That sum represented plaintiff's contribution to the retirement fund. On November 5, 1965, plaintiff was hired by the Teamsters Health and Welfare Fund of Philadelphia and Vicinity. As an employe of the Health and Welfare Fund, plaintiff was eligible to participate in the retirement trust plan, and he has been a contributor to the fund since November 5, 1965. Subsequent to his hiring by the Health and Welfare Fund, plaintiff sought reinstatement in the retirement trust, with credit for past service and contributions. To that end, plaintiff offered to repay the $5,285.60 he received in 1954. However, on two separate occasions the Retirement Com-

mittee met and denied plaintiff's request for reinstatement. Plaintiff now asks this court to order his reinstatement as a participant in the retirement trust with full past service credits.

Article III, section 7, of the 1948 Retirement Trust Agreement provided that:

"Any employee whose employment with the Union terminates, shall receive no benefits, except as herein specifically provided. However, if said employee re-enters the employ of the Union, he may, at his option, be reinstated in the Plan by contributing to the fund the amounts that the said employee would have contributed had his employment not been terminated. . ."

With slight modification in 1960, the foregoing provision remained substantially unchanged until 1964. On September 14, 1964, the Retirement Committee amended the retirement trust reinstatement provisions as follows:

"If the full-time employment of an employee with a Union is terminated, his participation in the Trust shall end, and he shall not be entitled to receive any pension or benefit provided under the Plan except as hereinafter provided. If such terminated employee becomes reemployed by a Union within forty-two (42) months from his date of termination, he will be reinstated as a participant if he returned to the Trust any and all money he received upon termination and, thereafter, prior to reinstatement . . .

"If any terminated employee becomes reemployed in any manner other than through being elected to office after he has been separated for a period in excess of forty-two months, he shall participate as a new employee."

The September 1964 amendment limits reinstatement to members who are reemployed within 42 months after termination. Accordingly, the Retirement Com-

mittee denied plaintiff's petition for reinstatement because it was presented more than 11 years after his termination of employment. Plaintiff argues, however, that the Retirement Committee improperly relied upon the 42-month provision. Plaintiff's argument is two-fold: First, that the 1964 amendment is arbitrary, capricious and discriminatory in that it was passed solely to frustrate plaintiff's efforts at reinstatement in the retirement trust plan; secondly, plaintiff argues that the 1964 amendment at issue was not adopted in accordance with the proper amendment procedure and, therefore, it is null and void.

Plaintiff's first argument alleges that the true purpose of the "forty-two month" amendment in 1964 was to frustrate his efforts to be reinstated in the fund. In support of that thesis, plaintiff argues that passage of the "forty-two month" provision was the final step in a purposeful effort to prevent him from receiving a pension. More precisely, plaintiff alleges that as early as September 1963, John Bachkus, the Retirement Committee chairman, was aware of his intention to seek reinstatement in the fund by obtaining employment with a participating organization. And, alleges plaintiff, Bachkus actively prevented him from obtaining employment until November 1965, more than a year after passage of the "forty-two month" rule. Thus, plaintiff contends that initially his efforts to obtain employment, the method for reinstatement extant in 1963, were blocked, and subsequently the 42-month rule was passed to insure that he would never be reinstated. But even if this court were to assume that efforts were made to prevent plaintiff from obtaining employment, still the record reveals no basis for presuming that the Retirement Committee acted arbitrarily and discriminatorily when they passed the "forty-two month" rule. On the contrary, the amendment at issue

evinces a concern for efficient administration of a large pension fund. The necessity for efficient record-keeping, orderly administration and actuarial verity necessitates the imposition of reasonable cut-off provisions, a practice common to most pension funds.

Even assuming the veracity of plaintiff's allegations, still I am not convinced that there is a sufficient factual basis for this court to find any impropriety in the committee's passage of the "forty-two month" rule. In my view, the Retirement Committe acted properly and was motivated by a concern for efficient administration of the fund.

Defendant's second argument is premised on article VI, sec. 1, of the May 2, 1960, agreement. That section, which provides for amendment of the trust, reads as follows:

"The provisions of the Retirement Trust may be amended only under an agreement made by and between the Council and the Union modifying the provisions of this Agreement *except that the Retirement Committee may amend or modify the Retirement Plan set forth in Article V at any time provided no amendment or modification may reduce any benefit right.*" (Italics supplied.)

The amendment which created the "forty-two month" rule was passed by the Retirement Committee without resort to the union and council. Accordingly, plaintiff's second argument resolves itself to the single issue of whether the Retirement Committee's amendment of the fund's reinstatement provisions amounted to a modification or reduction of any benefit right. More precisely, it is clear that the Retirement Committee is empowered to amend the plan, provided, however, that the amendment does not modify or reduce a benefit right. And, of course, the right to reinstatement was modified by the "forty-two month" amendment of 1964. At issue then, is whether the right to be rein-

stated by obtaining reemployment and returning any moneys received upon termination, is a "benefit" within the ambit of article VI, sec. 1, of the 1960 agreement.

Plaintiff argues that the word "benefit" should be liberally construed. In support of that positition, plaintiff refers to Strite v. McGinnes, 330 F. 2d 234, 239 (3rd Cir., 1964) wherein "benefit" is defined as "anything that works to the advantage or gain of the recipient." In Strite, however, the court was attempting to construe a testator's intention, which generally requires a liberal interpretation in order to give effect to testator's wishes. Moreover, it was clear from the phrasing of the testamentary disposition in Strite that a liberal construction was to be given to the word "benefit." In the instant case, however, this court is confronted by a two-party legal document prepared by expert draftsmen. And it is clear from a reading of the entire agreement that the drafters contemplated a more restricted meaning for the word "benefit" than is suggested by plaintiff. Article V, sec. 4, enumerates the benefits to be provided by the retirement plan. No mention is made of reinstatement benefits in that section, and I view that as sufficient evidence of the drafters' intention to precisely define the word "benefit." Admittedly, plaintiff had some tenuous contingent "right" to reinstatement, but that "right" did not rise to the status of a "benefit" within the ambit of article VI, sec. 1, of the agreement.

Therefore, I conclude that the 1964 amendment that created the "forty-two month" rule did not reduce or modify a benefit right. As such, the Retirement Committee was procedurally empowered to pass the amendment without resort to the union and council.

Accordingly, for the foregoing reasons, plaintiff's complaint is dismissed and the prayer for relief is denied.